ORT ET AL., APPELLEES, *v.* HORN, D. B. A. LARRY HORN & CO., ET AL., APPELLANTS.

[Cite as Ort v. Horn, 1 Ohio App. 2d 420.]

(No. 7730—Decided November 17, 1964.)

*Messrs. Smith, Clark & Holzapfel,* for appellees.
*Messrs. George, Greek, King & McMahon, Mr. Leon P. Loechler, Mr. Fred C. Brumbaugh* and *Messrs. Fullerton & Shimp,* for appellants.

BRYANT, J. This is an appeal on questions of law. Larry Horn, D. B. A. Larry Horn & Company, relators, and Cedarcrest Homes, Inc., appellants herein, were defendants in the court below. John J. Ort and Eileen A. Ort, appellees herein, were plaintiffs in the court below. The appeal is from the judgment and final order of the Common Pleas Court of Franklin County, Ohio, in favor of John J. Ort and Eileen A. Ort.

On April 7, 1962, John and Eileen Ort signed a real estate purchase contract offering to buy improved real estate located at 487 Elaine Road, Glencoe Addition, City of Whitehall, Ohio. The sale price of the property was $13,500, with $1,350 down and closing costs. It was provided further that the Orts were to deposit with Larry Horn & Company, as brokers, the sum of $1,500 upon accepatnce of the contract.

On April 7, 1962, Cedarcrest Homes, Inc., accepted the offered contract, and as seller agreed to pay broker's commission of five per cent. The Orts deposited $500 with the broker on April 9, 1962, and completed the down payment by paying $1,000 to the broker on April 12, 1962.

Under the heading, "Evidence of Title," it was provided that the seller at his option might furnish either an up-to-date abstract of title or an owner's title policy in the amount of the purchase price, showing or insuring merchantable title in fee simple in the seller. It was provided also that "the seller shall convey to the buyer a good and merchantable title in fee simple

* * * by general warranty deed * * *," subject to certain exceptions not in controversy here.

The seller elected to furnish the purchaser with an abstract of title brought up to date, which the attorney for the purchasers disapproved on the ground that it contained specific provision for the reversion of the title in case of breach of certain conditions. A copy of this opinion was served upon the sellers.

The purchase contract specifically provided that if title to the property "is defective or unmerchantable, or if any part of the property is subject to liens, encumbrances, easements, conditions or restrictions other than those excepted in this contract, or in the event of any encroachment, the seller shall have a reasonable time, not to exceed thirty (30) days, after written notice thereof, within which to remedy or remove any such defect * * *. If the seller is unable to remedy or remove, or to secure title insurance against such defect * * * within said thirty (30) day period, the amount of the deposit, if any, shall be returned to the buyer forthwith."

The opinion of the attorney for the purchasers was dated May 25, 1962, and on the third page thereof reference is made to certain restrictions, and the following statement is made:

"The violation of any of the restrictions results in an immediate reversion."

A copy of the foregoing opinion was delivered to an agent for Cedarcrest Homes, Inc., on May 29, 1962. Nothing appears to have been done to remedy or remove the claimed defect from May 29, 1962, until August 3, 1962, approximately 66 days later, when the escrow officer for the Ohio Title Corporation sent to the purchasers and their attorney a "copy of preliminary title insurance binder."

In the meantime, the Orts had changed their minds and notified the sellers they wished the return of the $1,500 down payment. When the return of the down payment was refused, the Orts brought suit in the court below where, after a hearing and giving consideration to numerous stipulations, exhibits and the pleadings, the court below entered judgment in favor of the Orts directing a return of the down payment.

In the bill of exceptions, it is disclosed that at the request of counsel for the purchasers and in answer to a direct question by the court as to whether or not the improved real estate de-

scribed in the contract now before us "was subsequently sold by Cedarcrest Homes," counsel for the sellers stated, "there is no question but what it was sold."

The third and fourth numbered paragraphs of the real estate purchase contract involved in this litigation read as follows:

"3. Evidence of Title: For each parcel of real estate to be conveyed the seller shall, at the seller's option, furnish a complete original abstract of title, continued at least to the date this offer is accepted, or an owner's title policy in the amount of the total purchase price, the abstract or abstracts showing in the seller or the title policy or policies insuring in the buyer, good and merchantable title in fee simple, free and clear of all liens and encumbrances, excepting (1) those specifically set forth in this contract; (2) restrictions, conditions and utility easements created or reserved as a part of a general plan in and for the subdivision or subdivisions in which said properties are located; and (3) zoning ordinances and all legal highways. If title insurance is furnished, the policy or policies shall be issued by a solvent title insurance company authorized to do business in Ohio. If the buyer desires or requires a survey, the buyer shall pay the cost thereof.

"If the title to all or part of the parcels to be conveyed is defective or unmerchantable, or if any part of the property is subject to liens, encumbrances, easements, conditions or restrictions other than those excepted in this contract, or in the event of any encroachment, the seller shall have a reasonable time, not to exceed thirty (30) days, after written notice thereof, within which to remedy or remove any such defect, lien, encumbrance, easement, condition, restriction or encroachment. If the seller is unable to remedy or remove, or to secure title insurance against such defect, lien, encumbrance, easement, condition, restriction or encroachment within said thirty (30) day period, the amount of the deposit, if any, shall be returned to the buyer forthwith.

"4. Deed: The seller shall convey to the buyer a good and merchantable title in fee simple to each parcel by general warranty deed, with release of dower, free and clear of all liens and encumbrances, except those above mentioned, and the following:"

It appears to be the contention of appellants that because one of the restrictions was limited to a 20-year period, which period had already run, that the provision and reversion of title, therefore, did not render the title unmerchantable, and hence the Orts should have accepted the deed and proceeded to carry out the terms of the purchase contract. It was contended also that at least one of the conditions was invalid and, therefore, should not be given any weight.

We are not impressed with the contention that the Orts would have a good chance of winning some lawsuit wherein a plaintiff claimed the reversion had taken place. As we see it, the title involved expressly provided for reversion upon the happening of an event or events therein specified. We think the attorney for the purchasers not only had a right but also was duty bound to bring this condition of the record to the attention of his clients. Appellants apparently too late were of the same opinion, for although they did nothing to correct or remove the claimed defects, they had a right under the contract within thirty days after the defect was called to their attention to furnish title insurance.

This they decided to do, and appear to have directed the proper officer of a title corporation to send a copy of "Preliminary Title Insurance Binder." What they did not do was to exercise this option within 30 days. As a result, the following provision of the contract became operative:

"If the seller is unable to remedy or remove, or to secure title insurance against, such defect * * * within said thirty (30) day period, the amount of the deposit, if any, shall be returned to the buyer forthwith."

Thus, in our opinion, the judgment of the court below was correct and we arrive at this conclusion without giving consideration to the stipulated fact that the property involved in this contract has since been sold to another purchaser.

For the reasons above set forth, we conclude that the error assigned on behalf of appellants is not well taken and must be overruled. The judgment of the court below is, therefore, affirmed, and the cause is remanded.

*Judgment affirmed.*

Duffy, P. J., and Duffey, J., concur.